## DIX v BENZLER et

Ohio Appeals, 3rd Dist, Marion Co.

No. 911. Decided July 8, 1940.

J. Wilbur Jacoby, Marion, for plaintiff-appellee.

Donithen & Michel, Marion, for defendants-appellants.

## 600

### OPINION

By GUERNSEY, J.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Marion County.

The action is one brought by Clara B. Dix as plaintiff, against William Benzler, Bertha Benzler; George C. Seiter, Clara Seiter; Samuel D. Seiter, Elizabeth Seiter; Adam H. Seiter, Bertha Seiter; Catherine Seiter, Anna Seiter; Harry Benzler, Marie Benzler; and Fred K. Dix, to quiet her title to certain premises situated in Pleasant Township, Marion County, Ohio, containing one hundred and three acres of land, more or less.

The case was submitted to this court upon the general demurrer of the defendants other than Fred K. Dix, to the amended petition of the plaintiff and the decision on the demurrer being reserved, was submitted, subject to the decision on the demurrer, upon the amended petition of plaintiff, the amended answer and cross-petition of defendants other than Fred K. Dix, and the reply of the plaintiff to said amended answer and cross-petition, the transcript of the evidence in the Common Pleas Court and other evidence introduced at the trial in this court.

The demurrer to the amended petition will be first considered.

In her amended petition the plaintiff alleges that she is the owner by purchase from Christ Benzler of certain real estate situated in Pleasant Township, Marion County, Ohio, consisting of two tracts of land containing altogether one hundred and three acres of land more or less.

She further alleges that the purchase of said real estate was effectuated by deed executed and delivered by Christ Benzler for a valuable consideration to plaintiff on the 6th day of December, 1935, and that she is now in possession of the real estate under the conveyance.

Plaintiff further alleges that on the 6th day of February, 1907, Joseph Benzler, a widower, and the father of Christ Benzler, for a valuable consideration executed and delivered to Christ Benz-

ler his deed conveying said real estate to Christ Benzler. Said conveyance recited that Joseph Benzler "do hereby grant, bargain, sell and convey to the said Christ Benzler, during his natural life, and after his death then to the heirs of the body of the said Christ Benzler, with the exception of Clara Benzler, daughter of the said Christ Benzler, and to their heirs and assigns forever", the real estate above mentioned. And said conveyance recited further that all the estate, title and interest of the said Christ Benzler either in law or in equity, of, in and to the said premises were so conveyed together with all the privileges and appurtenances to the same belonging and all the rents, issues and profits thereof, To have and to hold the same to the only proper use of the said Christ Benzler during his natural life and then to the heirs of his body as aforesaid.

The warranty clause of said deed recited that the said Joseph Benzler for himself and for his heirs, executors, administrators, do hereby covenant with the said Christ Benzler, his heirs and assigns that he was the true and lawful owner of said premises, and had full power to convey the same; and that the title so conveyed, was clear, and free and unencumbered; and further, that he would warrant and defend the same against the claim or claims of all persons whomsoever.

Said deed further contained the following provision:—"The said heirs of the body of the said Christ Benzler shall within one years after his demise, pay to Clara Benzler, daughter of the said Christ Benzler, or to her heirs if she has died leaving children or their descendants; the sum of one thousand, dollars ($1,000.00) and the said sum is hereby made a charge and lien upon the interest of the said heirs of the body of the said Christ Benzler in said premises in favor of the said Clara Benzler".

Plaintiff further alleges that Joseph Benzler died on March 15, 1915, and that said deed of conveyance was delivered by Joseph Benzler to said Christ Benzler prior to the death of Joseph Benzler and that said Christ

Benzler during all of the times from the date of said deed, to-wit, February 6, 1907, and for years prior thereto had possession and control of said real estate and made various improvements thereon, up to the time of the conveyance thereof to plaintiff, to-wit, December 6, 1935.

Joseph Benzler died leaving the following named children then living: Christ Benzler, now aged 76 years, Mary Benzler Seiter, who has since died, George Benzler, who has since died, and William Benzler aged about 71 years, who still survives.

Plaintiff further alleges that at the time of the execution and delivery of the said conveyance to him as aforesaid, said Christ Benzler had two children, to-wit: Oliver Benzler, and this plaintiff, Clara Benzler Dix and that Oliver Benzler died without issue on the 14th day of July, 1914, aged 14 years.

That Mary Benzler Seiter died leaving surviving her the following named heirs and next of kin, George C. Seiter, Samuel D. Seiter, Adam H. Seiter and John E. Seiter, Catherine Seiter and Anna Seiter. John E. Seiter and Lola Seiter, his wife, on the 30th day of June, 1936, quit-claimed by deed all of his interest in said real estate to plaintiff.

That George Benzler died leaving surviving him the following named children, his sole heirs at law Harry Benzler and Catherine Benzler Baseler. Thereafter Catherine Benzler Baseler conveyed by deed all of her interest in said real estate to plaintiff.

Plaintiff further alleges that Clara Benzler, mentioned in the said deed from Joseph Benzler to Christ Benzler is the same person as Clara Benzler Dix, plaintiff herein. Fred K. Dix, defendant is the husband of plaintiff.

Plaintiff further alleges that Bertha Benzler, defendant is the wife of William Benzler; that Clara Seiter, defendant is the wife of George C. Seiter; that Elizabeth Seiter, defendant is the wife of Samuel D. Seiter; that Bertha Seiter, defendant, is the wife of Adam Seiter; that Marie Benzler defendant, is the wife of Harry Benzler and that Anna Seiter and Catherine Seiter are unmarried.

Plaintiff further alleges that on the ____day of January, 1939, for valuable consideration she conveyed to said Fred B. Dix a one twenty-fourth interest in the above described real estate, and that she and the defendant, Fred K. Dix, are now the owners of said real estate in fee and in common.

Plaintiff further alleges that the defendants, William Benzler, George C. Seiter, Samuel D. Seiter, Adam H. Seiter, Harry Benzler and their wives and Catherine Seiter and Anna Seiter claim some interest in the real estate in the petition described adverse to plaintiff's right and interest therein.

The prayer of the petition is that the defendants may be compelled to set up what if any interest they may have in the real estate and that the same may by this court be adjudged to be null and void and that plaintiff's title to said real estate be quieted in her and in Fred K. Dix as their interests may appear, against any and all interest said defendants may claim therein, and for such other and further relief as plaintiff may be entitled to.

The general demurrer raises the question as to whether under the facts alleged in the petition, including the facts in connection with the conveyance under date of February 6, 1907, by Joseph Benzler, a widower, to Christ Benzler, and the conveyance by Christ Benzler to Clara B. Dix, under date of December 6, 1935, and the other facts, such title to the real estate in question is vested in the plaintiff as entitles her to the relief prayed for in her amended petition.

In this connection we will first consider whether the deed from Joseph Benzler to Christ Benzler, under date of February 6, 1907, had the legal effect of creating a fee tail estate in the grantee Christ Benzler and the heirs of his body other than the plaintiff, or an estate for life in Christ Benzler with remainder to the heirs of his body other than the plaintiff.

Estates tail are estates of inheritance which, instead of descending to heirs generally, go to the heirs of the donee's

body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular order and course of descent, and upon the extinction of such issue, the estate determines. These estates are either general or special, depending upon whether the limitation is to the donee and the heirs of his body generally or is restricted to certain heirs of his body, as for example, heirs of his body begotten of a certain wife.

"At common law the first taker of a limitation in tail was designated as the first donee in tail." **16 O. Jur. 405, 406.**

"A limitation to an individual and 'the heirs of his body' is a common method of creating an estate tail." **16 O. Jur. 407, 408.**

"It is generally asserted that the policy of Ohio law is unfavorable to entail. The presumption is against the intention to create estates tail, and this presumption must be overcome by language entirely free from ambiguity." **16 O. Jur. 415.**

One of the common law incidents of an estate tail which has been recognized and is effective in Ohio is that the fee is vested in the first donee in tail by virtue of a grant or devise and passes to the heirs of his body as an estate of inheritance upon his death and not by purchase from the donor, grantor or devisor, as the case might be. **16 O. Jur. 411.**

The provision of §8662, GC, that "All estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in tail" did not change the nature of the estate of the first donee in tail from an inheritable estate to an estate for life merely. The statute does not come into operation until the estate passes by the first donee in tail and reaches the issue of such donee. **16 O. Jur. 415, 416.**

Other common law incidents of an estate tail which have been recognized in Ohio are that the tenant in tail is not chargeable with waste, and that the estate is subject to both dower and curtesy.

The incidents of an estate for life, as recognized and given effect in Ohio, are that it is a freehold estate, not of inheritance, but which is held by the tenant for his own life or the life or lives of one or more persons, or for an indefinite period which may endure for the life or lives of persons in being and not beyond the period of life. **16 O. Jur. 423, 424.**

The contrast between an estate tail and a life estate under the laws of Ohio may be summed up as follows:

The incidents of a tenancy in tail are that the tenant in tail might commit waste; the wife has dower therein; the husband has curtesy of the estate tail. A life estate has none of these incidents and although a life estate may be of identically the same endurance as the particular estate held by the first donee in tail, nevertheless, there is a wide difference in the characters of a life estate and a particular estate in tail, or the estate of the first donee in tail. When a life estate has been carved out and granted or devised to one, the remainder does not pass to those who take it as an estate of inheritance from and through the life tenant, but the remaindermen take from the grantor or devisor directly as an estate by purchase. The fee is vested in the remainderman and not in the life tenant, whereas, as heretofore pointed out, the fee in the estate tail is vested by the grant or devise in the first taker, the first donee in tail, and passes from him at death by operation of law to the immediate heirs of his body. In case of a life estate the life tenant cannot commit waste without forfeiting his estate; the wife has no dower in such an estate; and the husband has no curtesy therein. **16 O. Jur. 416, 425.**

The granting clause of the deed under discussion in the instant case is to "Christ Benzler during his natural life, and after his death to the ██ heirs of the body of said Christ Benzler, with the exception of Clara Benzler, daughter

of said Christ Benzler, and to their heirs and assigns forever".

The habendum clause is "To the only proper use of the said Christ Benzler during his natural life and then to the heirs of his body as aforesaid".

Assuming, that notwithstanding Clara Benzler, daughter of Christ Benzler, is by the terms of the conveyance, excluded from the class of the heirs of the body of Christ Benzler taking an interest in the estate conveyed, the designation "heirs of the body" is used in the technical sense required in the creation of an estate tail, the conveyance, under the rules hereinbefore mentioned, did not create an estate tail but vested a life estate in Christ Benzler with the remainder over to the heirs of his body with the exception of his daughter Clara Benzler Dix, plaintiff herein.

On the other hand, if it is assumed that the designation "heirs of the body" is, by reason of the exclusion mentioned, not used in the technical sense required in the creation of an estate tail, the conveyance for that reason did not create an estate tail.

We will next consider the application of the rule in Shelley's case to the conveyance mentioned.

"Various statements of the rule have received the approval of the Ohio courts. These statements enunciate the rule, varying only in the phraseology used. The rule, now known as the rule in Shelley's case announced in an early case, which has since been followed, is, that 'where the ancestor takes a freehold for life and, by the same conveyance, whether a deed or devise, is limited, either mediately or immediately, to his heirs, the word 'heirs' is a word of limitation, not a purchase, and the fee vests in the ancestor.' Another approved statement of the rule is that where a freehold is limited to one for life and, by the same instrument, the inheritance is limited, either mediately or immediately, to his heirs or to the heirs of his body, the first taker takes the whole estate, either in fee simple or in fee tail." **36 O. Jur. 598, 599.**

"In analyzing the rule in Shelley's Case it is apparent that certain conditions must concur before it becomes operative and has full force and effect. In the first place, there must be an estate of freehold in the ancestor. Secondly, the ancestor must take the estate of freehold by, or in consequence of, the same conveyance which contains the limitation to his heirs. In the third place, the estate limited to the heirs must be limited by way of remainder. The limitation of the remainder must be to the heirs of the person to whom the particular estate with which it is to unite is limited. Fourthly, the interest limited to the ancestor and that to his heirs must be of the same quality—that is, both legal and both equitable. Lastly, the word "heirs" must be used in its technical sense as importing a class of persons to take indefinitely in successsion." **36 O. Jur. 604, 605. Armstrong v Zane, 12 Ohio 287.**

It has been definitely held in Ohio in a case where the conveyance was to a designated person, "the heirs of his body and assigns forever", that the rule in Shelley's case does not have the effect of converting a fee tail into a fee simple. **Pollock et v Spidel, 27 Oh St 86.**

This holding is in accord with the weight of authority that a statute converting fees tail into fee simples applies, where by the terms of the instrument converting the estate, it goes to the person mentioned, and the heirs of his body, while the rule in Shelley's case applies where the terms of the instrument purport to create a life estate in the first taker, with remainder to his heirs, or to the heirs of his body. Duffy v Jarvis, Circuit Court, Eastern District, Tennessee, Southern Division, February 2, 1898, 84 Federal Reporter 731. Wilson v Ulston, Supreme Court of Alabama, February 11, 1899, 25 Southern Reporter 225. 19 American Jurisprudence, Estates Section 47, page 507. 10 R. C. L. 657.

Assuming that the designation "heirs of the body", notwithstanding the exclusion hereinbefore mentioned, is used

in its technical sense in the conveyance as importing a class of persons to take indefinitely in succession, the limitation contained in the deed under discussion in the instant case conforms to all the requisites for the application of the rule in Shelley's case, above mentioned, and under this rule, although a contrary intention may be inferred from the terms of the conveyance, a fee simple estate by operation of law vested in Christ Benzler, grantee.

On the other hand, if it is assumed that in the conveyance mentioned, the designation "heirs" in the phrase "heirs of the body" is not used in the technical sense mentioned, by reason of such exclusion, it is clear that it is used in the sense of "children", Clara Benzler Dix at the time of the execution and the delivery of the conveyance with such exclusion having the status of a child of the body and not the status of an heir of the body of Christ Benzler, he being then in full life; and her exclusion in the status of child of the body having the effect of defining and limiting the class from which she was excluded to the children of the body of Christ Benzler. To the designation used in the sense of "children of the body", the rule stated in Thompson on Real Property, Volume 3, Section 2151, is applicable, to-wit:

Where a remainder is limited to a class some of whom are in being, the fee vests in those who are in being subject to be opened up to let in those who afterwards may be born during the continuance of a life estate.

Applying this rule, the remainder of the estate at the time of conveyance, she being excluded, vested in her brother Oliver who was then in existence, subject to be opened up to let in such children of the body of Christ Benzler as might afterward be born during the continuance of the life estate. No such children were subsequently born, and upon the death of Oliver without issue, the remainder, which was vested in him, vested in the plaintiff Clara Benzler Dix as his only heir at law.

The petition in this case alleges the conveyance by Christ Benzler to the plaintiff Clara Benzler Dix, of a fee simple estate in the land in controversy, and also charges facts showing that if the fee simple estate did not vest in Christ Benzler through the application of the rule in Shelley's case, a remainder in fee simple vested in Oliver Benzler who later died leaving the plaintiff his only heir at law.

Under either set of facts mentioned, the allegations are sufficient to charge the vesting of an estate in fee simple in the land in controversy in the plaintiff which entitles her to the relief prayed for in the petition. The petition therefore states a cause of action and the general demurrer thereto is overruled.

On consideration of the evidence we find that all the allegations of the petition, including the allegation of the delivery of the deed by Joseph Benzler to Christ Benzler, are sustained by the evidence, and decree will therefore be entered in favor of the plaintiff against the defendants as prayed for in the petition herein.

KLINGER, J., concurs.

CROW, PJ., dissenting. The estate conveyed by the deed to Christ Benzler was an estate in fee tail. **16 O. Jur. 410. 36 O. Jur. 599.** Such an estate is not converted into one in fee simple by the Rule in Shelley's case. **Sec. 10512-8 GC. 27 Oh St 86, 95.**

The first donee in tail Christ Benzler died without heirs of the body other than plaintiff who was excluded from taking the land by the express language of the deed.

An estate tail having undoubtedly been created by the unambiguous words of the deed, it is impossible by any applicable rule or rules of judicial construction to lawfully adjudge otherwise.